UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL HOWARD DEERING,

        Petitioner,                        Case Number: 06-CV-11671

v.                                            HON. DENISE PAGE HOOD

SHERIFF BOUCHARD,

        Respondent.
_____/

## ORDER OF SUMMARY DISMISSAL

Petitioner Paul Howard Deering filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Central District of California, challenging his extradition from Los Angeles County to Auburn Hills, Michigan, to face charges pending in Oakland County, Michigan. The United States District Court for the Central District of California transferred the matter to this Court pursuant to 28 U.S.C. § 2241(d). It appears that at the time he filed the petition, Petitioner was incarcerated at the Oakland County Jail.

Rule 4, Rules Governing Section 2254 Cases, provides that a district court may enter an order for the summary dismissal of a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. McFarland v. Scott, 512

U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

In his petition, Petitioner appears to challenge the extradition proceedings in California. He alleges that he was extradited to Michigan before being provided an opportunity to adequately challenge the extradition in California courts. Once a fugitive is "returned to the demanding state, the right to challenge extradition becomes moot; the fugitive is no longer being detained by the asylum state, and so, the legality of his or her detention there is no longer at issue." Barton v. Norrod, 106 F.3d 1289, 1298 (6th Cir. 1997). Petitioner already has been returned to the demanding state, Michgian; therefore, the legality of his extradition from California is moot.

Thus, the Court concludes that it plainly appears from the face of the petition that Petitioner is not entitled to habeas corpus relief and **DISMISSES** the petition for a writ of habeas corpus.

**SO ORDERED**.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATED: June 30, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 30, 2006, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager